The Chief Justice delivered the opinion of the court.
Clute, the plaintiff below, in his state of demand, alleges that, having obtained a judgment in a plea of debt, in a court for the trial of small causes, on the 19th November, 1818, for ninety-two dollars and five cents of debt, and fifty-three cents of costs, he placed the.execution issued thereon in the hands of Griffith, one of the constables of the county, to be executed; that Griffith received the amount of the said execution, or might and ought to ha.ve levied and made it, and paid it to him; but had neglected and refused to pay over the same to him or to any person for his use; whereby Griffith was guilty of neglect of duty as a constable, for which he demanded one hundred dollars; and upon the trial, judgment for that sum, with costs, was rendered in favor of Clute. It is contended here, by the counsel of the plaintiff in certiorari, that Clute might have demanded and recovered more, for that the interest on the debt and costs, at seven per cent., added to them, would have exceeded one hundred dollars ; and hence neither the justice nor the Court of Common Pleas had jurisdiction, and the judgment should be reversed.
Upon this subject, decisions have heretofore been made in this court; and the matter is now brought up again, in consequence of an alleged discrepancy between those decisions, An examination of them, however, proves that no discrepancy exists, nor any inconsistency in the principles on which they are respectively founded. When no rate of interest is fixed by .contract, the law permits the creditor to demand a^ *331 the rate of six per centum per annum, and forbids him to take more, but allows him either to demand or take at any lower rate he may deem proper. When, therefore, a creditor sues, although the principal with interest calculated at six per cent, would exceed one hundred dollars, yet if in his state of demand he actually demands for principal and ^interest no more than that sum, a court for the trial [*266 of small causes has jurisdiction. But if he demand the principal and interest of his note, or bond, or debt, without naming any rate of interest, which is, therefore, presumed to be six per cent., and gives no credit, as the sum exceeds the jurisdictional limit, an objection to the jurisdiction must be sustained. Thus, in Hopper v. Steelman, Pen. 907, the state of demand set out a note, “ dated 11th November, 1809, for ninety-four dollars and sixty-ono cents, on which was duo fourteen months' interest, which together with the principal makes the sum of one hundred dollars.” It was contended by the counsel of the plaintiff in certiorari, that by calculation it would appear that fourteen months’ interest added to the principal would exceed one hundred dollars. But the court said, no rate of interest is set out in the state of demand; a creditor may take any rate of interest under seven*, per cent.; the defendant had no cause of complaint. And the judgment was affirmed. In Saddle River v. Colfax, 1 Halst. 115, the plaintiff, after setting out his cause of action in the state of demand, alleged that there remained due to him for principal and interest the sum of one hundred dollars; Justice Ford, in delivering the opinion of the court, said, and on this point there seems to have been no diversity of opinion although on another there was, “ The amount due to the plaintiff will certainly exceed one hundred dollars, if interest bo calculated at seven* per cent., but the law mentions this [rate only to prohibit men from faking more. In Pen. 907, this *332 court decided that a creditor might take less if he pleased, and this creditor says he asks no more interest than with the principal amounts to one hundred dollars.” In the case of Van Geisen v. Van Houten, 2 South. 822, the decision supposed to be inconsistent with the others, the action was instituted on the 22d March, 1817, upon a promissory note dated 24th May, 1816, for one hundred dollars, payable in sixty days. The defendant filed a plea to the jurisdiction, insisting that upon the plaintiff’s own shewing, his demand exceeded one hundred dollars, -and that, no credit being allowed to reduce it, the case was not within the j urisdiction of the court. And this court decided that the justice ought to have sustained the plea and dismissed the suit.
It was further insisted, that to allow a party to demand less than the full rate of interest, and thereby to institute a *267] suit before a *justice of the peace, which, if the full sum were claimed, could not be brought there, is inconsistent with the principle adopted in a train of cases, where a plaintiff, after exhibiting his account or demand in detail, amounting to more than one hundred dollars, has not been permitted to make a fictitious credit, or a reduction in general terms, for the purpose of giving jurisdiction. Between the two cases, there is, howmver, we apprehend a difference of principle which may well' warrant a different rule. In the one the plaintiff makes no claim for the surplus of interest. In the other he actually claims the whole debt, making however a shew of the relinquishment of a part. We have lately had occasion, in the case of Haggerty v. Vankirk, to look into the decisions on the subject of fictitious or general credits. We found the rule established by repeated adjudications, so as to make it, in our opinion, our duty to follow it, without very full satisfaction of its original propriety, and without any disposition to enlarge its operation or extend its sphere, to embrace cases not clearly and expressly within it.
*333 It was further said, that although it be true a man may waive his rate per cent., yet he may not do it to give jurisdiction. But we apprehend there is no reason, nor are we bound, in order to defeat the action, to seek for the motive; especially when it does not, as in the case of fictitious or general credits, shew itself on the face of the state of demand. Nor is the motive much to be condemned, which enables the plaintiff to prosecute at an inferior expense, subjects the defendant in cases perhaps not contested, to very small costs, and does not deprive him, if contested, of a fair and impartial trial, for we cannot presume he will want such trial, in any court lawfully constituted.
To shew there can be no waiver of right in order to give jurisdiction, the doctrine maintained in the courts of the United States was mentioned, and the case of Maxwell' s lessee v. Levy, 2 Dall. 381, referred to, where an action of ejectment was dismissed, upon the fact that although the grant to the lessor of the plaintiff appeared absolute, yet he was a trustee only for the grantor, who was a citizen of the same state in which the suit was brought. But there was no waiver of right. The ownership really remained the same. Had the grant been absolute, had the owner actually transferred all interest in the property to the grantee, the court wmuld have entertained the suit, although it had been conclusively *shewn, or openly admitted, that [*268 the real motivo of making the conveyance was to give jurisdiction. In the case of Catlet v. The Pacific Insurance Company, Paine's Cir. Co. Rep. 594, Justice Thompson decided that the removal of a party from one state to another, if done with intention of permanent residence, and not to return, though for the avowed purpose of giving jurisdiction to the Circuit Court of the United States, and of prosecuting a suit there, is not an evasion of the law.
On the whole, we are of opinion that the reason assigned for reversal is not sustained by either precedent or principle.
Let the judgment bo affirmed.

 An that time the legal rate of interest, since reduced, tvas seven per cent.